**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JULLIAN L. BROWN,** | * | |
| Plaintiff | * | |
| v. | * | Case number: 06cv2935 RWT |
| **AMERICAN INSTITUTES FOR RESEARCH** | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

This case exemplifies the old adage that "you can lead a horse to water, but you can't make him drink." The Plaintiff is the horse of this story, and the water that she was led to, but would not drink, was effective service of process. In spite of repeated opportunities provided to the Plaintiff to effect valid service of process, she simply would not drink the water. However, valid service of process is essential to the concept of due process, and when it has not been effected, the due processes of the law cannot even begin. The details of this sad story follow.

On November 8, 2006, Jullian[1] L. Brown, Plaintiff, filed a Complaint against "American Institutes for Research." *See* Paper No. 1. On November 28, 2006, Plaintiff filed an unsworn document entitled "Service of Process," indicating that the "summons and complaint was [sic] served on defendant by certified mail, return receipt requested." *See* Paper No. 4. Attached to this unsworn document was a copy of a return receipt purporting to show that the documents had been addressed to "John Alciati, Vice President, American Institutes for Research, 1000 Thomas Jefferson

[1]The first name of the Plaintiff as set forth in the caption of her Complaint is "Jullian." However, her first name is spelled "Jullien" in numerous paragraphs of the Complaint.

Street NW, Washington, DC 20005." *See id*. The box requesting restricted delivery was not checked. *See id*.

On December 21, 2006, Defendant filed a Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process. *See* Paper No. 8. In its Motion, Defendant asserted that (1) John Alciati terminated his employment with Defendant over a year prior to Plaintiff's attempted service, (2) Silvestre Reyes, a facilities assistant in Defendant's employ who apparently received and signed the return receipt, was not authorized to accept service on behalf of Defendant, and (3) Plaintiff improperly attempted service by certified mail pursuant to Maryland Rule 2-121(a)(3) by failing to send the Summons and Complaint via restricted delivery. *See id*. Defendant attached to its Motion a printout from the Maryland State Department of Assessments and Taxation showing that the correct name of the Defendant is American Institutes for Research in the Behavioral Sciences, Inc., a Pennsylvania corporation qualified to do business in Maryland, and identifying its resident agent in Maryland as National Registered Agents, Inc. of Maryland, Second Floor, 836 Park Avenue, Baltimore, MD 21202.[2] *See* Paper No. 8-4. Thus, it was the Defendant who first led the Plaintiff to the water's edge of valid service of process. Sadly, the Plaintiff did not drink the water served by the Defendant.

In the response to Defendant's Motion to Dismiss, Plaintiff's counsel, seemingly oblivious to the information provided by the Defendant, asserted that he had "contacted" the Maryland Department of Business and Economic Development and the District of Columbia's Department of Consumer and Regulatory Affairs to find Defendant's resident agent, to no avail. *See* Paper No. 9. Plaintiff also alleged that on "January 5, 2007 the Complaint was mailed by certified mail, return

[2] The Defendant also identified its resident agent in the District of Columbia: Thomas Jesulaitis, 1000 Thomas Jefferson Street, NW, Washington, DC 20007.

receipt requested, to Thomas Jesulaitis at 1000 Thomas Jefferson Street, NW, Washington, DC 20007." *See id*.

It is obvious that the Plaintiff's counsel "neither strained very hard nor looked very far" in his efforts to ascertain the correct name of the Defendant and the identity of its resident agent. *Montgomery County Council v. Leizman*, 268 Md. 621, 633, 303 A.2d 374, 380 (1973). Not only did the Defendant provide the information to the Plaintiff, but also the information is readily available and can be retrieved online in a matter of minutes. *See* Website, Maryland State Department of Assessments and Taxation, Taxpayer Services Division, http://sdatcert3.resiusa.org/ucc-charter/CharterSearch_f.asp (last visited May 4, 2007). These records are maintained by the State Department of Assessments and Taxation, not the State Department of Business and Economic Development. The latter agency, nevertheless, points those searching for such records to the correct department. *See* Website, Maryland State Department of Business and Economic Development, Business Registration and Licensing, http://www.choosemaryland.org/businessservices/smallbusiness/permitsandlicensing/registrationlicensing.html (last visited May 4, 2007).[3]

On January 18, 2007, Plaintiff filed another unsworn document entitled "Service of Process," indicating that "the summons and complaint was [sic] served on defendant by certified mail addressed to Thomas Jesulaitis, with return receipt requested." *See* Paper No. 10. It is clear that this, again, was not sent via restricted delivery; it also appears that Silvestre Reyes again received and signed for the Complaint. *See id*. On February 26, 2007, Plaintiff filed a return of service

[3]Corporate resident agent information is also readily available online in the District of Columbia. *See* Website, District of Columbia Department of Consumer and Regulatory Affairs, http://mblr.dc.gov/corp/lookup/index.asp (last visited May 4, 2007).

indicating that on February 13, 2007, Plaintiff's process server, Dwayne Boston, left copies of the summons and complaint at the unidentified "dwelling house or usual place of abode" of Marilyn Moon, Vice President, "with a person of suitable age and discretion then residing therein." *See* Paper Nos. 12, 13.

On March 6, 2007, Defendant filed a Second Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process [Paper No. 14]. With respect to the attempted service of Thomas Jesulaitis, Defendant again pointed out that Silvestre Reyes was not authorized to accept service on behalf of Defendant, and that, pursuant to Maryland Rule 2-121(a)(3), Plaintiff again improperly failed to send the Summons and Complaint via restricted delivery. With respect to the attempted service of Marilyn Moon at an unidentified location (apparently in Maryland), Defendant asserted that, pursuant to Maryland Rule 2-124, Plaintiff could not properly serve Ms. Moon, a Vice President, because Defendant has a resident agent.

In the opposition filed on March 10, 2007 [Paper No. 15], Plaintiff's counsel again asserted that, after checking with appropriate authorities in Maryland and the District of Columbia, he could not identify a resident agent for Defendant.[4] Plaintiff's counsel asserted that after he was unable to serve Defendant's resident agent in Maryland, service of Marilyn Moon was proper pursuant to Maryland Rule 3-124.[5] It was not. Not only was there an existing resident agent available for service of process, but also Plaintiff's act of leaving the Summons and Complaint at Marilyn Moon's

---

[4] While Plaintiff's initial inability to identify Defendant's resident agent is questionable, it is unclear why, after Defendant in its first Motion to Dismiss clearly identified its resident agents in both Maryland and the District of Columbia, Plaintiff continued to insist that he did not know the identity of Defendant's resident agent in either jurisdiction.

[5] Plaintiff cites to Maryland Rule 3-124, which applies to service in a Maryland District Court. However, Maryland Rule 2-124, pertaining to the service of a corporation in a Maryland Circuit Court, is applicable here.

undisclosed residence was ineffective in any event. The authority to effect service of process by "leaving copies thereof at the . . . dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" only applies to service of individuals, not corporate resident agents or managing agents. *See* Federal Rules of Civil Procedure ("FRCP") Rule 4(e)(2) and Maryland Rule 2-121(a)(2).

The "water" of service of process in federal courts is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(d) contains a procedure for waiver of service which litigants are encouraged to employ. The Plaintiff chose not to do so. Where the waiver procedure is not employed, Rule 4(c)(1) requires that a summons "be served together with a copy of the complaint." In the case of a corporate defendant, Rule 4(h)(1) provides that process "in a judicial district of the United States [shall be effected] in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

Rule 4(h) does not, by its terms, authorize service of process by certified mail. However, it does authorize service "in the manner prescribed for individuals." Service of individuals is governed by Rule 4(e) which authorizes services of process "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State."

The Maryland Rules of Procedure contain detailed provisions governing the service of process of both individuals and corporations, and expressly provide, unlike the Federal Rules of

Civil Procedure, for the service of process by certified mail. Maryland Rule 2-121(a)(3) authorizes service by "mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: '*Restricted Delivery*—show to whom, date, address of delivery.'" *Id*. (emphasis added). Where the Defendant, as here, is a corporation, Maryland Rule 2-124(d) expressly provides that service is made by serving the corporation's "resident agent, president, secretary, or treasurer." In the event that the corporate defendant "has no resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id*.

Where service is effected by certified mail, Maryland Rule 2-126(a) requires that the "individual making service of process by . . . mailing . . . file proof of the service with the court promptly and in any event within the time during which the person served must respond to the process. . . . If service is by certified mail, the proof shall include the original return receipt. If service is made by an individual other than a sheriff, the individual shall file proof *under affidavit* which shall also state that affiant is of the age of 18 or over."[6] *Id*. (emphasis added).

The rules governing service of process in a civil case are relatively straightforward and simple for those who are willing to read and follow them, and to utilize readily available information as to the appropriate person to be served. Apparently, the Plaintiff and her counsel are unable or unwilling to do so.

---

[6] FRCP Rule 4(l) also provides: "If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof."

Plaintiff's repeated attempts at service by certified mail were all invalid for failure to comply with the restricted delivery requirements of Maryland Rule 2-121(a)(3), and the certified mail service returns were all deficient because they were not made under affidavit as required by Maryland Rule 2-126(a). Delivery to the undisclosed place of abode of corporate vice president, Marilyn Moon, was not authorized by Maryland Rule 2-124(d) because the Defendant has a resident agent and, in any event, service by leaving copies with a person of "suitable age and discretion" at the "usual place of abode" of a corporate resident agent is, as noted above, not effective service.

As the late Chief Judge Richard Gilbert of the Court of Special Appeals of Maryland observed in *Colonial Carpets, Inc. v. Carpet Fair, Inc.*, 36 Md. App. 583, 374 A.2d 419, 420-21 (1977), procedural rules are "the lawyer's compass and serve to help him steer through the narrows of pleading, pass the rocks of default, around the shoals of limitation, and safely into the harbor of judgment. It is a reckless sailor, indeed, who puts to sea without a compass, and it is a reckless lawyer who fails to familiarize himself with" the applicable procedural rules before filing and trying a case. He went on to lament that notwithstanding the importuning of appellate courts that the "rules of procedure are not to be considered as mere guides or Heloise's helpful hints to the practice of law, but rather precise rubrics that are to be read and followed, admonitions go unheeded by some practitioners. When that occurs, we are left to wonder whether we are engaged in an endless struggle, just as waves beat upon the shore, fall back and then repeat over and over ad infinitum." *Id.* at 584-85, 374 A.2d at 421.

Under both the Federal Rules of Civil Procedure and the Maryland Rules of Procedure, personal delivery to the resident agent of a corporation constitutes effective service of process. *See* FRCP 4(h)(1); *see also* Maryland Rule 2-124(d). Information as to the resident agent of the

corporate Defendant, as well as its correct name, has now been in the hands of the Plaintiff for almost five months, yet she has not acted upon it. Plaintiff's action is now subject to dismissal under Federal Rules of Civil Procedure Rule 4(m). If the Plaintiff wishes to avoid the dismissal of her action, the Court will give her one last opportunity to effect service on the Defendant, and will instruct her to do so by delivering a Summons and a copy of the Complaint to the Defendant's resident agent as specified in the separate Order being entered simultaneously herewith.

This time it is the Court that is leading the Plaintiff's horse to water, and if she chooses not to drink, then she risks dismissal of this action.[7]

DATE: May 17, 2007

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

[7]The Plaintiff's misidentification of the corporate Defendant is one that the Court, on its own motion, will correct. In a separate Order, the Court is directing that the name of the corporate Defendant be changed to reflect its correct identity.